**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50076 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00206-JFW-5 |
| v. | |
| LUIS FRANCISCO MURILLO MORFIN, AKA Luis I. Murillo Morfin, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 14, 2020**
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and CHOE-GROVES,***
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Luis Francisco Murillo Morfin appeals his conviction for conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957. We affirm.

The only disputed fact at trial was whether Murillo had known that the money he had withdrawn from a bank account and given to his stepfather was "criminally derived property." 18 U.S.C. § 1957. After a bench trial, the district court found that he had.

"There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). Sufficient evidence supported Murillo's conviction. Among other things, he admitted several times to law enforcement that he thought the money was derived from illegal activity; he told a false story to the bank teller about why he needed the money when he withdrew the funds; he testified that he had been instructed to open the account at this specific bank because it would "ask the least questions;" and he testified that he thought his stepfather's family was involved in human trafficking. The court's

finding that Murillo knew that the money was proceeds of a criminal offense was supported by ample evidence.

Because we sustain the district court's finding of actual knowledge, we need not reach Murillo's remaining arguments as to deliberate ignorance, venue, and insufficient evidence of conspiracy.

**AFFIRMED.**